■ In the Matter of JAMES P. KENNELLY, Appellant, v MOBIUS REALTY HOLDINGS LLC, Respondent. [822 NYS2d 264]—

Order and judgment (one paper), Supreme Court, New York County (Ronald A. Zweibel, J.), entered February 9, 2006, which denied petitioner's motion to stay arbitration, granted respondent's cross motion to compel arbitration and dismissed the petition, unanimously reversed, on the law, with costs, the petition reinstated and deemed amended to include a claim of fraud, and the matter remanded to Supreme Court for a hearing.

Petitioner, who was interested in purchasing three contiguous lots on East 51st Street, contacted respondent, a real estate brokerage firm that was the broker for the owners of the lots. On August 2, 2003, petitioner and respondent's president executed three separate agreements, one for each lot, whereby petitioner retained respondent to act as petitioner's broker with respect to the lots. With the exception of the reference line on each agreement, the agreements were identical in all respects.

In addition to the three contiguous lots on East 51st Street, petitioner sought to purchase another parcel situated nearby, 968 Second Avenue. According to petitioner, he expressly informed respondent that he did not wish to retain respondent to act as his broker with respect to the Second Avenue parcel. Petitioner claims that he contacted the owners of this parcel and negotiated the terms of its sale. On or about November 19, 2004, a closing on the title of the parcel was conducted.

On July 13, 2005 respondent sent petitioner an invoice for a brokerage commission allegedly due based upon the transaction regarding the Second Avenue parcel. Accompanying the invoice

was the alleged brokerage agreement (the Second Avenue agreement) that is the subject of this litigation. With the exception of the reference line, the Second Avenue agreement is identical in all respects to the agreements regarding the 51st Street lots. Moreover, the stated date of the Second Avenue agreement, August 2, 2003, is the same date on which the agreements regarding the 51st Street lots were executed. By a letter dated September 6, 2005, petitioner responded that no brokerage agreement existed between the parties with respect to the Second Avenue parcel.

Pursuant to an arbitration clause in the Second Avenue agreement, respondent served a demand for arbitration on petitioner. Petitioner commenced a special proceeding to permanently stay arbitration, alleging in his petition that no valid brokerage agreement concerning the Second Avenue parcel existed between the parties. In his affidavit, petitioner elaborated on this contention, averring that he never knowingly signed a brokerage agreement concerning the Second Avenue parcel. Petitioner admitted that "a signature similar to [his] appears on [the Second Avenue agreement]," but that he was unable to conclude whether in fact it was his. Petitioner stated that the signature was either a forgery or was obtained through fraud in the execution (i.e., that he was tricked into signing the Second Avenue agreement). Petitioner also noted that he signed multiple copies of each of the agreements regarding the 51st Street lots, that these agreements were essentially identical to the Second Avenue agreement, and that respondent's president presented the documents to petitioner to sign. Respondent cross-moved to compel arbitration. Supreme Court granted the cross motion and dismissed the petition. This appeal ensued.

Initially, petitioner's affidavit, which was submitted in his reply papers, may be considered by this Court. "The function of reply papers is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of, or new grounds [or evidence] for the motion" (*Dannasch v Bifulco*, 184 AD2d 415, 417 [1992]). This rule is generally employed in the context of summary judgment motions to prevent a movant from remedying basic deficiencies in its prima facie showing by submitting evidence in reply, thereby shifting to the nonmoving party the burden of demonstrating the existence of a triable issue of fact at a time when that party has neither the obligation nor opportunity to respond (*Azzopardi v American Blower Corp.*, 192 AD2d 453, 454 [1993]; *see e.g. Batista v Santiago*, 25 AD3d 326 [2006]; *Migdol v City of New York*, 291 AD2d 201 [2002]). This

rule, however, is not inflexible, and a court, in the exercise of its discretion, may consider a claim or evidence offered for the first time in reply where the offering party's adversaries responded to the newly presented claim or evidence (*see e.g. Fiore v Oakwood Plaza Shopping Ctr.*, 164 AD2d 737, 739 [1991], *affd* 78 NY2d 572 [1991], *cert denied* 506 US 823 [1992]; *Hoffman v Kessler*, 28 AD3d 718, 719 [2006]; *Basile v Grand Union Co.*, 196 AD2d 836, 837 [1993]; *see also* CPLR 2001).

Here, petitioner submitted his affidavit less than two months after he commenced this special proceeding. Respondent thereafter submitted its surreply (denominated as an "affidavit in further support of cross motion and in opposition to petition"), addressing, among other things, petitioner's affidavit. Moreover, oral argument on the petition and cross motion was held after respondent had submitted its surreply and respondent made arguments directed at petitioner's affidavit. Accordingly, under the particular facts on this record, respondent suffered no prejudice as a result of petitioner's belated evidentiary submission, and we exercise our discretion to consider it.

Respondent correctly notes that petitioner failed specifically to raise the issue of fraud in his petition. However, petitioner's claim in his petition was that no valid brokerage agreement concerning the Second Avenue parcel existed between the parties. In any event, petitioner's affidavit sufficiently detailed "the circumstances constituting the [alleged fraud]" (CPLR 3016 [b]). We have the discretion to amend the pleadings to conform to the proof adduced on the petition and cross motion in the absence of prejudice to respondent (*see Cave v Kollar*, 2 AD3d 386, 388 [2003]; *Thailer v LaRocca*, 174 AD2d 731, 732 [1991]; *Dampskibsselskabet Torm A/S v Thomas Paper Co.*, 26 AD2d 347, 352 [1966]). As discussed above, respondent submitted papers addressing petitioner's affidavit and the issue of fraud, and therefore would suffer no prejudice were we to deem the petition amended to include the claim of fraud.

Petitioner raised threshold issues regarding the validity of the Second Avenue agreement that are for the court to determine (*M.I.F. Sec. Co. v Stamm & Co.*, 94 AD2d 211, 213 [1983], *affd in part* 60 NY2d 936 [1983] ["it is a judicial responsibility, and not the arbitrator's, to decide the threshold question of whether the parties are bound by a valid agreement to arbitrate"]; *see Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1 [1980]; *Matter of Prinze [Jonas]*, 38 NY2d 570 [1976]). If petitioner did not sign the Second Avenue agreement he cannot be compelled to arbitrate respondent's claim; even if the signature is genuine, an issue is present regarding whether the

Second Avenue agreement was permeated with fraud, such that the arbitration clause would fall with the rest of the agreement (*Matter of Weinrott [Carp]*, 32 NY2d 190, 197 [1973]; *see Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308 [1984]). Accordingly, we reinstate the petition and remand the matter to Supreme Court for a hearing thereon (*see* CPLR 7503 [a]; *see also Oberlander v Fine Care*, 108 AD2d 798 [1985]). Concur— Mazzarelli, J.P., Sweeny, Catterson, McGuire and Malone, JJ.