■ LYNN BAYLY et al., Plaintiffs, and PATRICIA L. YOUNG, as Administrator of the Estate of GEORGE E. YOUNG, Deceased, Respondent, v LILLIAN M. BROOMFIELD, Appellant. [939 NYS2d 634]—

Kavanagh, J. Appeal from an order of the Supreme Court (Lebous, J.), entered August 27, 2010 in Broome County, which granted plaintiff Patricia L. Young's motion for, among other things, summary judgment requiring defendant's specific performance of a contract for the sale of real property.

Decedent and defendant were the owners of a piece of improved real property located in the Town of Kirkwood, Broome County. After decedent's death, plaintiff Patricia L. Young, administrator of decedent's estate, and defendant accepted an offer by plaintiffs Lynn Bayly and Ann Bayly to purchase the property. Two months later, in December 2009, defendant indicated that she would only agree to the sale if a clause was added to the contract prohibiting any drilling or other environmental damage to the property and requiring that it remain "forever green." In response, plaintiffs commenced this action for, among other things, specific performance of the contract. Defendant filed a verified answer to the complaint, with a counterclaim against Young with respect to personal property she alleged belonged to decedent's estate. Subsequently, Young moved for summary judgment on the claim for specific performance and asked that defendant's counterclaim regarding decedent's personal property be moved to Surrogate's Court.

Supreme Court granted the motion in its entirety and defendant now appeals.[1]

Supreme Court properly determined that a valid contract for the sale of the property existed between the parties and that plaintiffs were entitled to specific performance of the contract. It found that the contract contained an ample description of the property, set forth the contract price as well as the method of payment, established a closing date and, by its terms, constituted the record of the complete agreement entered into by the parties (see Ouimet v Fitzsimmons, 68 AD3d 1507, 1508 [2009], lv denied 14 NY3d 714 [2010]; Garnot v LaDue, 45 AD3d 1080, 1082 [2007]; Bellevue Bldrs. Supply v Belmonte, 271 AD2d 849, 850 [2000]; O'Brien v West, 199 AD2d 369, 370 [1993]). Defendant argues that her refusal to initial a clause in the contract regarding the property's gas and oil rights established that the parties had not agreed to all essential terms and, as a result, had not entered into an enforceable agreement. However, this clause was simply an affirmation by the sellers that gas and oil rights to the property had not been transferred or leased to another party, and was a provision in the contract clearly designed to benefit the buyers and not the sellers. Moreover, nowhere in the contract is there any reference to the property remaining "forever green," or any indication that such a condition was an essential term of the parties' agreement. As a result, defendant's failure to initial this provision did not create an ambiguity as to the contract's essential terms and did not serve to invalidate it.

Defendant also claims that Young's motion for summary judgment should have been denied because plaintiffs failed to establish that the Baylys were ready, willing and able to perform their obligations under the contract. In support of the motion, the Baylys submitted an affidavit that included information regarding their ability to perform their obligations under the contract. Defendant argues that this was a reply affidavit containing new facts not previously submitted in connection with Young's motion for summary judgment and should not have been considered by Supreme Court. We disagree. However, regardless of how the affidavit is characterized, the fact remains that defendant had ample opportunity to respond to it during oral argument on the motion before Supreme Court. As a result, the court did not abuse its discretion by considering it when

---

**1.** By her brief, defendant limits her appeal to that part of the order granting Young's motion for summary judgment.

deciding this motion (*see generally Ennis-Short v Ostapeck*, 68 AD3d 1399, 1401 [2009]).[2]

More importantly, in seeking specific performance, Young established that the Baylys "performed their contractual obligations and were ready, willing and able to fulfill their remaining obligations" under the contract (*Alba v Kaufmann*, 27 AD3d 816, 818 [2006]; *accord Ouimet v Fitzsimmons*, 68 AD3d at 1508; *see Gjonaj v Sines*, 69 AD3d 1188, 1189 [2010]; *Dube-Forman v D'Agostino*, 61 AD3d 1255, 1256 [2009]; *#1 Funding Ctr., Inc. v H & G Operating Corp.*, 48 AD3d 908, 910 [2008]). We note that the complaint was verified by the Baylys shortly after the contract's closing date, and in it they confirmed that they were "ready, willing and able to comply with the terms, provision[s] and conditions of the Agreement." Also, the affidavit contained documentation establishing that the Baylys possessed liquid assets at the time of the closing that were valued in excess of the contract sale price. Consequently, we conclude that Supreme Court's finding that the Baylys were ready, willing and able to perform under the contract is supported by the record and the motion for summary judgment granting specific performance was properly granted.

Peters, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, with costs.

---

**2.** During oral argument, defendant did not object to Baylys' affidavit being considered in connection with this motion.