Pottorff v Centra Fin. Group, Inc. (2021 NY Slip Op 01645)





Pottorff v Centra Fin. Group, Inc.


2021 NY Slip Op 01645


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


921 CA 20-00097

[*1]EARL POTTORFF, PLAINTIFF-RESPONDENT,
v
CENTRA FINANCIAL GROUP, INC., HORNOR TOWNSEND & KENT, INC., AND THE PENN MUTUAL LIFE INSURANCE COMPANY, DEFENDANTS-APPELLANTS. 






WINGET, SPADAFORA & SCHWARTZBERG, LLP, NEW YORK CITY (ALEXANDER A. TRUITT OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
HANCOCK ESTABROOK, LLP, SYRACUSE (JAMES P. YOUNGS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Wayne County (Daniel G. Barrett, A.J.), entered June 21, 2019. The order, insofar as appealed from, denied in part the motion of defendants to dismiss the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action against defendants Centra Financial Group, Inc., Hornor Townsend & Kent, Inc. (HTK), and The Penn Mutual Life Insurance Company (Penn Mutual), alleging causes of action for fraudulent inducement, fraud, constructive fraud, unjust enrichment, and rescission, all arising from the sale of a joint and survivor life annuity policy (annuity) to plaintiff and his late wife. Defendants moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (1) and (7). Defendants now appeal from an order that, inter alia, denied those parts of the motion with respect to the causes of action for fraud, fraudulent inducement, constructive fraud, and rescission. We affirm.
In assessing "a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction . . . We accept the facts as alleged in the complaint as true, accord plaintiff[] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]). Affording the allegations in the amended complaint every possible favorable inference (see Palladino v CNY Centro, Inc., 70 AD3d 1450, 1451 [4th Dept 2010]), we conclude that Supreme Court properly denied those parts of defendants' motion seeking dismissal of the causes of action for fraud, fraudulent inducement, and constructive fraud pursuant to CPLR 3211 (a) (7).
Here, the amended complaint alleged, inter alia, that defendants' employees and agents, with intent to induce plaintiff's reliance, falsely represented to plaintiff that the subject annuity was a sound and appropriate investment while knowing that, "without the corresponding life insurance or other risk protection[, the annuity] would almost certainly result in a loss to . . . [p]laintiff and [a] windfall to [d]efendants." Plaintiff alleged damages in the amount of $1,024,688.90. We therefore conclude that plaintiff has sufficiently stated a claim for fraud by alleging "a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; see Gallagher v Ruzzine, 147 AD3d 1456, 1457 [4th Dept 2017], lv denied 29 NY3d 919 [2017]; see generally CPLR 3016 [b]).
We further conclude that plaintiff has sufficiently stated a claim for fraudulent inducement. The amended complaint alleged detrimental reliance on a material representation known to be false (see Gelmac Quality Feeds, Inc. v Ronning, 23 AD3d 1019, 1020 [4th Dept 2005]), and plaintiff pleaded with the requisite specificity the alleged misrepresentations made by defendants (see Stevens v Perrigo, 122 AD3d 1430, 1432 [4th Dept 2014]; see generally CPLR 3016 [b]) and also alleged compensable damages resulting from defendants' fraud (see Southwestern Invs. Group, LLC v JH Portfolio Debt Equities, LLC, 169 AD3d 1510, 1511 [4th Dept 2019]; see also Wright v Selle, 27 AD3d 1065, 1067 [4th Dept 2006]). Plaintiff has also sufficiently stated a claim for constructive fraud inasmuch as the amended complaint alleged the existence of a fiduciary relationship between plaintiff and defendants (see Klembczyk v DiNardo, 265 AD2d 934, 935 [4th Dept 1999]; see also Stuart Silver Assoc. v Baco Dev. Corp., 245 AD2d 96, 99 [1st Dept 1997]).
Defendants further contend that the court erred in refusing to dismiss the causes of action sounding in fraud on the ground that those claims were conclusively negated by documentary evidence before the court, specifically a letter attached to the amended complaint. To the extent that defendants contend that the letter constituted documentary evidence warranting dismissal pursuant to CPLR 3211 (a) (1), we reject that contention (see generally Porat v Rybina, 177 AD3d 632, 633 [2d Dept 2019]). Further, although we agree with defendants that the court erred in refusing to consider the letter in support of that part of their motion seeking dismissal of the fraud causes of action pursuant to CPLR 3211 (a) (7), we nevertheless conclude that dismissal is not warranted inasmuch as the letter does not "establish conclusively that . . . plaintiff has no cause of action" (Jeanty v State of New York, 175 AD3d 1073, 1074 [4th Dept 2019], lv denied 34 NY3d 912 [2020] [internal quotation marks omitted]; see generally Liberty Affordable Hous., Inc. v Maple Ct. Apts., 125 AD3d 85, 88-91 [4th Dept 2015]).
Defendants also contend that the court erred in denying that part of their motion seeking to dismiss the cause of action for rescission because plaintiff seeks monetary damages. We reject that contention. Pursuant to CPLR 3002 (e), "[a] claim for damages sustained as a result of fraud or misrepresentation in the inducement of a contract or other transaction, shall not be deemed inconsistent with a claim for rescission or based upon rescission. In an action for rescission or based upon rescission the aggrieved party shall be allowed to obtain complete relief in one action, including rescission, restitution of the benefits, if any, conferred by him as a result of the transaction, and damages to which he is entitled because of such fraud or misrepresentation; but such complete relief shall not include duplication of items of recovery."
Defendants further contend that plaintiff failed to state a claim against HTK and Penn Mutual because neither company made any statement to plaintiff. We reject that contention inasmuch as plaintiff has properly pleaded agency liability against HTK and Penn Mutual (see generally Kirschner v KPMG LLP, 15 NY3d 446, 465-466 [2010]; Chaikovska v Ernst & Young, LLP, 78 AD3d 1661, 1663 [4th Dept 2010]).
Finally, we have considered defendants' remaining contentions and conclude that they lack merit.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court