Matter of Pinpoint Multi Strategy Master Fund v Bank of Baroda, N.Y. Branch (2022 NY Slip Op 06769)

Matter of Pinpoint Multi Strategy Master Fund v Bank of Baroda, N.Y. Branch

2022 NY Slip Op 06769

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022

Before: Kern, J.P., Scarpulla, Rodriguez, Pitt, Higgitt, JJ. 

Index No. 160048/20 Appeal No. 16683-16683A Case No. 2021-00599, 2021-02854 

[*1]In the Matter of Pinpoint Multi Strategy Master Fund, Formerly Known as Pinpoint Multi-Strategy Fund, et al., Petitioners-Respondents,
v
Bank of Baroda, New York Branch, Respondent-Appellant, Rolta India Limited, Respondent.

Sabharwal & Finkel LLC, Muttontown (Adam Finkel of counsel), for appellant.
Kobre & Kim, LLP, New York (Geoffrey J. Derrick of counsel), for respondents.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about January 4, 2021, which granted the petition seeking turnover of excess collateral stock owned by respondent Rolta India and held by respondent Bank of Baroda, New York Branch, unanimously affirmed, with costs. Order, same court and Justice, entered July 8, 2021, which, to the extent appealable, denied Bank of Baroda's motion to renew, unanimously affirmed, with costs.
In their petition, petitioners established, prima facie, the valuation of the pledged shares. Respondent Bank of Baroda offered perfunctory opposition to the petition, and, as to the issue of the value of the pledged shares, asserted conclusorily that the value of the shares was significantly less than the obligations that the pledged shares secured. Respondent Bank of Baroda did not submit evidence of an alternative value of the stock, or request a hearing. The additional information regarding the value of the pledged shares that petitioners offered in reply was prompted by respondent Bank of Baroda's call for proof as to share value as well as respondent-obligor's assertion that petitioner's share value data was outdated, and the information was not available at the time the petition was filed. To the extent Bank of Baroda argues that it did not have the opportunity to contest petitioners' valuation, we note that it admits having countered the valuation methodology at oral argument (see Bayly v Broomfield, 93 AD3d 909, 910-911 [3d Dept 2012]), and sought neither an adjournment nor an opportunity to submit a surreply brief. Accordingly, no basis exists to disturb the order granting the petition.
As to Bank of Baroda's motion to renew, Supreme Court providently exercised its discretion in denying it. The documents proffered by Bank of Baroda contain no evidence of the value of the pledged shares and would not have changed the result.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022