Turner v Roswell Park Cancer Inst. Corp. (2023 NY Slip Op 01437)

Turner v Roswell Park Cancer Inst. Corp.

2023 NY Slip Op 01437

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

952 CA 21-01651

[*1]ANN MARIE TURNER, CLAIMANT-APPELLANT-RESPONDENT,
v
ROSWELL PARK CANCER INSTITUTE CORPORATION, DEFENDANT-RESPONDENT-APPELLANT, ET AL., DEFENDANT. (CLAIM NO. 136410.) 

KEVIN T. STOCKER, TONAWANDA, FOR CLAIMANT-APPELLANT-RESPONDENT.
CONNORS LLP, BUFFALO (SETH A. HISER OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT. 

 Appeal and cross appeal from an order of the Court of Claims (Michael E. Hudson, J.), entered October 28, 2021. The order granted in part claimant's application for leave to serve a late notice of claim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In February 2020, claimant underwent a thyroidectomy procedure at defendant Roswell Park Cancer Institute Corporation (Roswell Park) to remove a cancerous tumor from her thyroid. During the procedure, the doctor performing the surgery severed claimant's recurrent laryngeal nerve while attempting to dissect the tumor, which had become stuck to the nerve. Although the doctor attempted to repair the nerve during the surgery, the damage to the nerve was ultimately determined to be permanent, which manifested in a host of symptoms presented by claimant, including, inter alia, trouble eating, shortness of breath, and difficulty raising her voice. In May 2021, claimant sought leave, pursuant to General Municipal Law § 50-e (5), to serve a late notice of claim alleging, inter alia, that the injuries sustained as a result of the severed nerve were the result of medical malpractice and that she lacked informed consent with respect to the thyroidectomy procedure. Claimant appeals from that part of an order that denied her application for leave to serve a late notice of claim on Roswell Park with respect to the lack of informed consent cause of action. Roswell Park cross-appeals from that part of the same order granting claimant's application for leave to serve a late notice of claim on Roswell Park with respect to the medical malpractice cause of action. We affirm.
"Pursuant to General Municipal Law § 50-e (1) (a), a party seeking to sue a public corporation . . . must serve a notice of claim on the prospective defendant 'within ninety days after the claim arises' " (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460 [2016], rearg denied 29 NY3d 963 [2017]). "General Municipal Law § 50-e (5) permits a court, in its discretion, to [grant leave] extend[ing] the time for a [claimant] to serve a notice of claim" (id. at 460-461; see Matter of Dusch v Erie County Med. Ctr., 184 AD3d 1168, 1169 [4th Dept 2020]). "The decision whether to grant such leave 'compels consideration of all relevant facts and circumstances,' including the 'nonexhaustive list of factors' in section 50-e (5)" (Dalton v Akron Cent. Schools, 107 AD3d 1517, 1518 [4th Dept 2013], affd 22 NY3d 1000 [2013], quoting Williams v Nassau County Med. Ctr., 6 NY3d 531, 539 [2006]). " 'It is well settled that key factors for the court to consider in determining an application for leave to serve a late notice of claim are whether the claimant has demonstrated a reasonable excuse for the delay, whether the [public corporation] acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or within a reasonable time thereafter, and whether the delay would substantially prejudice the [public corporation] in maintaining a defense on the merits' " [*2](Matter of Turlington v Brockport Cent. Sch. Dist., 143 AD3d 1247, 1248 [4th Dept 2016]). " '[T]he presence or absence of any one of the numerous relevant factors the court must consider is not determinative' . . . , and '[t]he court is vested with broad discretion to grant or deny the application' " (Dalton, 107 AD3d at 1518). "Absent a clear abuse of the court's broad discretion, the determination of an application for leave to serve a late notice of claim will not be disturbed" (id. [internal quotation marks omitted]).
As a preliminary matter, we reject the contention of Roswell Park that the Court of Claims improperly considered the medical records submitted by claimant for the first time in her reply papers. Under the circumstances here, we conclude that the court did not abuse its discretion to consider those medical records because the court provided Roswell Park with "ample opportunity to respond to" those submissions, either in a surreply or during oral argument before the court (Dusch, 184 AD3d at 1170 [internal quotation marks omitted]; see Bayly v Broomfield, 93 AD3d 909, 910-911 [3d Dept 2012]). Roswell Park repeatedly declined the court's invitation to respond to the medical records submitted for the first time in reply, and therefore cannot now claim that it suffered any prejudice by the court's consideration of those records (see Dusch, 184 AD3d at 1170; Matter of Kennelly v Mobius Realty Holdings LLC, 33 AD3d 380, 382 [1st Dept 2006]).
On claimant's appeal, we conclude that the court properly denied the application with respect to the lack of informed consent cause of action against Roswell Park because that cause of action against Roswell Park is "patently meritless" (Matter of Catherine G. v County of Essex, 3 NY3d 175, 179 [2004]; see Matter of LoTempio v Erie County Health Dept., 17 AD3d 1161, 1161-1162 [4th Dept 2005]). Claimant's own submissions—including those submitted for the first time in reply—conclusively establish that, on multiple occasions prior to the surgery, Roswell Park "disclose[d] the risks, benefits and alternatives to the procedure or treatment" to her (Tirado v Koritz, 156 AD3d 1342, 1344 [4th Dept 2017] [internal quotation marks omitted]). In particular, according to claimant's medical records, prior to the surgery, Roswell Park explained at length to claimant "[t]he nature of the procedure including potential outcomes, risks, benefits, and alternatives," and "all questions were answered to [claimant's] satisfaction."
On Roswell Park's cross appeal, we conclude that the court did not abuse its discretion in granting the application with respect to the medical malpractice cause of action against Roswell Park. Claimant demonstrated that she had a reasonable excuse for her delay because, following the surgery, she was informed by Roswell Park personnel that she had to wait a year to see if the damage to the nerve from the surgery would be permanent, a representation on which she reasonably relied. Upon learning from Roswell Park that the damage would be permanent, claimant immediately filed the underlying application seeking leave to serve a late notice of claim.
Claimant also demonstrated, through the submission of her medical records, that Roswell Park had actual knowledge of the essential facts constituting the medical malpractice cause of action against it. The actual knowledge requirement of General Municipal Law § 50-e (5) "contemplates 'actual knowledge of the essential facts constituting the claim,' not knowledge of a specific legal theory" (Williams, 6 NY3d at 537; see Wally G. v New York City Health & Hosps. Corp. [Metro Hosp.], 27 NY3d 672, 677 [2016], rearg denied 28 NY3d 905 [2016]). "A medical provider's mere possession or creation of medical records does not ipso facto establish that it had 'actual knowledge of a potential injury where the records do not evince that the medical staff, by its acts or omissions, inflicted any injury' " (Wally G., 27 NY3d at 677, quoting Williams, 6 NY3d at 537).
Here, contrary to Roswell Park's contention, claimant's "medical records . . . 'evince that [Roswell Park's] medical staff, by its acts or omissions, inflicted an[] injury on [claimant]' " (id.; see Dusch, 184 AD3d at 1170). The records indicate that, during the surgery, the doctor performing the procedure knew that he had severed the nerve and that it "seemed to be compromised." According to his operative report, the doctor sutured the nerve before finishing the surgery prematurely. Claimant's postsurgery medical records and continued treatment at Roswell Park demonstrate that she presented there with symptoms associated with the severed nerve that could result in permanent nerve damage. Based on what occurred during the surgery and claimant's postsurgery symptoms, we conclude that Roswell Park timely acquired actual knowledge of the essential facts constituting the claim (see Dusch, 184 AD3d at 1171).
Finally, we also conclude that claimant met her initial burden of showing that the late notice would not substantially prejudice Roswell Park—particularly in light of its actual knowledge of the essential facts—and, in opposition, Roswell Park failed to make a "particularized showing" of substantial prejudice caused by the late notice (Newcomb, 28 NY3d at 468; see Dusch, 184 AD3d at 1171).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court