Matter of Cayuga Nation v Peenstra (2024 NY Slip Op 03258)

Matter of Cayuga Nation v Peenstra

2024 NY Slip Op 03258

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, GREENWOOD, NOWAK, AND KEANE, JJ.

210 CA 23-00747

[*1]IN THE MATTER OF CAYUGA NATION, BY ITS LAWFUL GOVERNING BODY, THE CAYUGA NATION COUNCIL, CLAIMANT-APPELLANT,
v
CHIEF STUART W. PEENSTRA, IN HIS CAPACITY AS CHIEF OF POLICE OF SENECA FALLS POLICE DEPARTMENT, TOWN OF SENECA FALLS, HON. MARK S. SINKIEWICZ, IN HIS CAPACITY AS DISTRICT ATTORNEY FOR COUNTY OF SENECA, AND COUNTY OF SENECA, RESPONDENTS-RESPONDENTS. 

BARCLAY DAMON LLP, SYRACUSE (LEE ALCOTT OF COUNSEL), FOR CLAIMANT-APPELLANT.
WEBSTER SZANYI LLP, BUFFALO (MICHAEL P. MCCLAREN OF COUNSEL), FOR RESPONDENTS-RESPONDENTS CHIEF STUART W. PEENSTRA, IN HIS CAPACITY

 Appeal from an order of the Supreme Court, Seneca County (Barry L. Porsch, A.J.), entered April 13, 2023. The order denied the application of claimant seeking leave to serve a late notice of claim. 
It is hereby ORDERED that the order so appealed from is unanimously reversed in the exercise of discretion without costs and the application is granted upon condition that the proposed notice of claim is served within 30 days of the date of entry of the order of this Court.
Memorandum: Claimant appeals from an order that denied its application for leave to serve a late notice of claim regarding allegations that respondents were negligent and violated a bailment with respect to the seizure and disposition of property belonging to claimant. We reverse.
On December 27, 2021, claimant purchased real property located in Seneca Falls, New York (premises). At the time claimant purchased the premises, a business was being operated thereon by a nonparty. One day later, claimant obtained an order in Cayuga Nation Civil Court (Nation Court) permitting it to, inter alia, evict all persons operating the business on the premises and seize all property relative to the operation of that business.
On January 1, 2022, Cayuga Nation Police went to the premises to enforce the Nation Court order. On arrival, Cayuga Nation Police encountered the manager of the business, who resisted their efforts and was ultimately arrested by Seneca Falls Police. During that incident, the Seneca Falls Police Department took possession of, inter alia, a bag containing $59,400, which was found in the manager's car. It is undisputed that the money found in the manager's car constituted the daily cash revenues of the business.
Two days later, on January 3, 2022, claimant, through counsel, sent a letter to respondent Hon. Mark S. Sinkiewicz, in his capacity as District Attorney for County of Seneca (District Attorney), advising that the money seized was subject to the Nation Court order—a copy of which was enclosed—and requesting that the money be promptly returned to claimant. Claimant also stated that it objected to returning the money to the manager of the business. The District Attorney did not respond to that correspondence.
On October 25, 2022, claimant again wrote to the District Attorney and reiterated the demand to return the seized funds, noting that the charges pending against the manager had been disposed of on June 27, 2022 and thus, there was no need to withhold the money as evidence. Additionally, the superintendent of the Cayuga Nation Police asserted in an affidavit in support of the application that, on October 26, 2022, he had a telephone conversation with respondent Chief Stuart W. Peenstra, in his capacity as Chief of Police of the Seneca Falls Police Department, who stated that the money had already been returned to the manager "at the instruction of the District Attorney himself . . . while the criminal charges against her were still in the investigative stage," i.e., that the money was returned to the manager sometime before her criminal case was resolved on June 27, 2022.
On December 23, 2022, claimant made the instant application for leave to serve a late notice of claim based on allegations that respondents were negligent and violated a bailment by returning the money to the manager, and Supreme Court denied the application.
In determining whether to grant an application for leave to serve a late notice of claim, " 'the court must consider, inter alia, whether the claimant has shown a reasonable excuse for the delay, whether the municipality had actual knowledge of the facts surrounding the claim within 90 days of its accrual, and whether the delay would cause substantial prejudice to the municipality' " (Tate v State Univ. Constr. Fund, 151 AD3d 1865, 1865 [4th Dept 2017]; see General Municipal Law § 50-e [5]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 461 [2016], rearg denied 29 NY3d 963 [2017]). Although "the presence or absence of any single factor is not determinative, one factor that should be accorded great weight is whether the [municipality] received actual knowledge of the facts constituting the claim in a timely manner" (Matter of Szymkowiak v New York Power Auth., 162 AD3d 1652, 1654 [4th Dept 2018] [internal quotation marks omitted]). "[A] court's decision to grant or deny a motion to serve a late notice of claim is purely a discretionary one" (Newcomb, 28 NY3d at 465 [internal quotation marks omitted]) and, "[while] the discretion of Supreme Court [in considering the application] will generally be upheld absent demonstrated abuse[,] . . . such discretion is ultimately reposed in [the Appellate Division]" (Matter of Dusch v Erie County Med. Ctr., 184 AD3d 1168, 1169 [4th Dept 2020]).
Initially, we conclude that claimant established a reasonable excuse for failing to timely file and serve a notice of claim. The record establishes that claimant was unaware that respondents returned the money to the manager until October 26, 2022, when Peenstra so advised the superintendent of the Cayuga Nation Police, and a lack of awareness of the underlying injury is a reasonable excuse for failing to timely serve a notice of claim (see More v General Brown Cent. School Dist., 262 AD2d 1030, 1030 [4th Dept 1999]).
We further agree with claimant that respondents possessed actual knowledge of the essential facts constituting the claim within 90 days of its accrual (see generally Dusch, 184 AD3d at 1170-1171) inasmuch as claimant's January 3, 2022 letter to the District Attorney advised respondents that claimant owned the premises; that the Nation Court order authorized claimant to, inter alia "seize any and all property being used directly or indirectly to operate the [business] on the Premises and any and all goods from [the business]"; and that the letter also advised that claimant "is the rightful owner of the funds and receipt tapes that the Seneca Falls Police Department took into possession on January 1, 2022 during [the manager's] arrest." The letter further requested that the money seized from the manager's car be turned over to claimant. Under these circumstances, we conclude that respondents possessed actual knowledge of the essential facts constituting the claim within 90 days of its accrual.
Finally, we agree with claimant that it met its initial burden of showing that late notice would not substantially prejudice respondents (see generally Newcomb, 28 NY3d at 466), and in response, respondents failed to make a " 'particularized showing' of substantial prejudice caused [*2]by the late notice" (Turner v Roswell Park Cancer Inst. Corp., 214 AD3d 1376, 1379 [4th Dept 2023]).
Based upon the foregoing, we exercise our discretion to grant the application (see Dusch, 184 AD3d at 1171). We have considered respondents' contentions raised as alternative grounds for affirmance (see generally Parochial Bus Sys., Inc. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]) and conclude that they lack merit.
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court