Oakshire Props., LLC v Argus Capital Funding, LLC (2024 NY Slip Op 03943)

Oakshire Props., LLC v Argus Capital Funding, LLC

2024 NY Slip Op 03943

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

396 CA 23-00523

[*1]OAKSHIRE PROPERTIES, LLC, NORTH AMERICAN PERISHABLES COMPANY, LLC, OAKSHIRE NATURALS GP, LLC, OAKSHIRE NATURALS, LP, AND GARY SCHROEDER, PLAINTIFFS-RESPONDENTS,
v
ARGUS CAPITAL FUNDING, LLC, PARK AVENUE RECOVERY, LLC, DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 

MURRAY LEGAL, PLLC, MINEOLA (CHRISTOPHER R. MURRAY OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
COSTIGAN LAW PLLC, NEW YORK CITY (WILLIAM COSTIGAN OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Ontario County (J. Scott Odorisi, J.), entered March 3, 2023. The order, insofar as appealed from, denied in part the motion of defendants Argus Capital Funding, LLC, and Park Avenue Recovery, LLC, to dismiss the amended complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking, inter alia, to vacate an ex parte judgment taken by confession. The litigation arises from an "Agreement for the Purchase and Sale of Future Receipts" (agreement) entered into between an affiliate of plaintiffs—nonparty Oakshire Mushroom Sales, LLC (Oakshire)—and defendant Argus Capital Funding, LLC (Argus), which purported to sell $554,850 of Oakshire's future receipts for $411,000, less a $10,995 origination fee. Pursuant to the agreement, Argus was entitled to automatically withdraw daily payments of $2,935.71 from Oakshire's bank account, which it represented to be 15% of Oakshire's average sales. The agreement was secured by a personal guarantee from Oakshire's principal, as well as by an affidavit in confession of judgment signed by the principal on behalf of himself, Oakshire and all of its affiliated entities. Although the agreement contained a provision requiring monthly reconciliation of the withdrawn daily payments with the specified percentage of the future receipts, the provision also stated that Argus's failure to reconcile the payments would not constitute a breach of the agreement and, further, that any prospective adjustment to the amount of the daily payments would be in the sole discretion of Argus. The agreement further stated that a default on the part of Oakshire would occur where, inter alia, "two or more [automatic withdrawal] transactions attempted by [Argus] within one calendar month are rejected by [the] bank," immediately accelerating the entire amount due and authorizing the ex parte filing of the confession of judgment. On December 18, 2018, Oakshire notified Argus that it had experienced a significant decrease in sales and requested a downward adjustment to the daily payment amount. Argus did not consent to the requested reduction and, two days later, filed an ex parte action in the Ontario County Clerk's Office for a judgment by confession against Oakshire, its principal and all of its affiliated entities, for the remaining balance of $319,993.20, plus $105,822.75 in attorney's fees, costs and disbursements, which was granted. Shortly thereafter, Oakshire and one of its affiliated entities filed for bankruptcy protection.
Plaintiffs subsequently commenced this action seeking, among other relief, to vacate the [*2]judgment by confession against them, alleging that the underlying transaction was not a sale of future receipts but, rather, a loan that contained a criminally usurious interest rate (see generally Penal Law § 190.40). Argus and defendant Park Avenue Recovery, LLC (collectively, defendants) moved to dismiss the amended complaint against them pursuant to CPLR 3211 on the grounds that, inter alia, the causes of action sounding in fraudulent inducement and fraud were not pleaded with the specificity required by CPLR 3016, and documentary evidence established that the underlying transaction was not a usurious loan. Supreme Court granted the motion with respect to the two causes of action for usury, which it determined were barred by the one-year statute of limitations under CPLR 215 (6), and denied the motion with respect to the remaining causes of action. Defendants appeal, and we affirm.
"In assessing 'a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction . . . [W]e accept the facts as alleged in the complaint as true, accord plaintiff[s] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (Pottorff v Centra Fin. Group, Inc., 192 AD3d 1552, 1553 [4th Dept 2021]; see Bratge v Simons, 167 AD3d 1458, 1461 [4th Dept 2018]).
Contrary to defendants' contention, the allegations in plaintiffs' causes of action for fraudulent inducement and fraud that defendants misrepresented the underlying transaction as a sale of future receivables, and not a usurious loan, " 'sufficiently pleaded the elements of fraud . . . and supplied sufficient detail to satisfy the specific pleading requirements of CPLR 3016 (b)' " (Baird v Baird, 221 AD3d 1465, 1467 [4th Dept 2023]; see Pottorff, 192 AD3d at 1553-1554). Additionally, contrary to defendants' contention with respect to all of the causes of action that were not dismissed by the motion court, we conclude that the allegations in the amended complaint that the underlying transaction is a usurious loan are sufficient to survive a motion to dismiss. "When determining whether a transaction is a loan, substance—not form—controls" (Adar Bays, LLC v GeneSYS ID, Inc., 37 NY3d 320, 334 [2021]; see Ujueta v Euro-Quest Corp., 29 AD3d 895, 895 [2d Dept 2006]), and the transaction "must be considered in its totality and judged by its real character, rather than by the name, color, or form which the parties have seen fit to give it" (LG Funding, LLC v United Senior Props. of Olathe, LLC, 181 AD3d 664, 665 [2d Dept 2020] [internal quotation marks omitted]). The primary question is "whether the [purported lender] is absolutely entitled to repayment under all circumstances [because, u]nless a principal sum advanced is repayable absolutely, the transaction is not a loan" (Samson MCA LLC v Joseph A. Russo M.D. P.C./IV Therapeutics PLLC [appeal No. 2], 219 AD3d 1126, 1128 [4th Dept 2023] [internal quotation marks omitted]). There are generally three factors that must be weighed to determine whether a repayment is absolute: "(1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy" or go out of business (id. [internal quotation marks omitted]; see LG Funding, LLC, 181 AD3d at 666).
Accepting the allegations in the amended complaint here as true and according plaintiffs the benefit of every possible favorable inference, we conclude that each of the factors weighs in favor of determining that repayment was absolute. First, although there is a reconciliation provision in the agreement, the provision appears illusory inasmuch as Argus may not be subject to any consequences for failing to comply with its terms and, further, Argus has sole discretion to adjust the amount of the daily payments. Second, it appears that there was an implied finite term in the agreement inasmuch as plaintiffs allege that the daily payment amount was set to ensure that Argus's targeted return would be met in a predetermined period of time as opposed to having been set based on the specified percentage of Oakshire's sales. Third, it appears that Argus had a means of recourse in the event Oakshire went out of business inasmuch as the agreement allowed Argus, in its sole discretion, to continue making daily payment withdrawals even if the daily payment amount exceeded Oakshire's sales, thereby providing Argus with a means to compel an event of "default" upon which it could then immediately accelerate the entire debt and file a confession of judgment against Oakshire's affiliated entities and personal guarantor. We therefore conclude that the amended complaint sufficiently alleges that the transaction is a loan subject to usury laws (see Davis v Richmond Capital Group, LLC, 194 AD3d 516, 517 [1st Dept 2021]; cf. Samson MCA LLC, 219 AD3d at 1128; see also Crystal Springs Capital, Inc. v Big Thicket Coin, LLC, 220 AD3d 745, 746-747 [2d Dept 2023]; LG Funding, LLC, 181 AD3d at 666).
Defendants' remaining contentions were raised for the first time in their motion reply papers. "In general, [t]he function of [motion] reply papers is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of, or new grounds [or evidence] for the motion" (Matter of Dusch v Erie County Med. Ctr., 184 AD3d 1168, 1169-1170 [4th Dept 2020] [internal quotation marks omitted]). Nonetheless, a court may, in the exercise of its discretion, consider an argument raised for the first time in a party's motion reply papers where "the offering party's adversaries responded to the newly presented claim or evidence" (id. at 1170 [internal quotation marks omitted]) or where such claim or evidence "presents a purely legal question that appears on the face of the record and could not have been avoided had it been properly raised" (Cummins v Lune, 151 AD3d 1258, 1260 n [3d Dept 2017]).
Inasmuch as defendants' contention that plaintiffs' cause of action seeking to vacate the judgment by confession pursuant to CPLR 5015 (a) (3) fails to state a cause of action is a purely legal argument apparent on the face of the record that could not be avoided if properly raised, we exercise our discretion to reach its merits (see Cummins, 151 AD3d at 1260 n; see generally Eujoy Realty Corp. v Van Wagner Communications, LLC, 22 NY3d 413, 422 [2013]). Although defendants are correct that CPLR 5015 (a) (3) "is not a cause of action" in itself but, rather, merely the procedural means for making a motion to vacate a judgment or order (NRO Boston LLC v CapCall LLC, 2020 NY Slip Op 34510[U], *2 [Sup Ct, Westchester County 2020]), the proper mechanism for seeking to vacate a judgment by confession is, as plaintiffs commenced here, a separate plenary action (see Ace Funding Source, LLC v Myka Cellars, Inc., 191 AD3d 624, 625 [2d Dept 2021]), and the allegations in plaintiffs' amended complaint state a cognizable cause of action to vacate the judgment of confession insofar as it alleges fraud, misrepresentation, misconduct and falsity of an affidavit submitted in support of the judgment by confession (see e.g. Weinstein v Pollack, 208 AD2d 615, 617-618 [2d Dept 1994]; Scheckter v Ryan, 161 AD2d 344, 345 [1st Dept 1990]; Bufkor, Inc. v Wasson & Fried, 33 AD2d 636, 636-637 [4th Dept 1969]).
Inasmuch as plaintiffs did not have an opportunity to respond before the motion court to the other contentions raised for the first time in defendants' motion reply papers, and they do not present purely legal questions that appear on the face of the record and could not have been avoided if properly raised, they are not properly before this Court (see Dusch, 184 AD3d at 1172; Jackson v Vatter, 121 AD3d 1588, 1589 [4th Dept 2014]).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court