Root v Salamanca Cent. Sch. Dist. (2021 NY Slip Op 01634)





Root v Salamanca Cent. Sch. Dist.


2021 NY Slip Op 01634


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.


882 CA 20-00123

[*1]ANDREA ROOT, PLAINTIFF-RESPONDENT,
v
SALAMANCA CENTRAL SCHOOL DISTRICT, SALAMANCA CITY SCHOOL DISTRICT BOARD OF EDUCATION, ROBERT J. BREIDENSTEIN, DEFENDANTS-APPELLANTS, AND LLOYD LONG, DEFENDANT. 






SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
HOUSH LAW OFFICES, PLLC, BUFFALO (FRANK HOUSH OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an amended order of the Supreme Court, Cattaraugus County (Jeremiah J. Moriarty, III, J.), entered December 20, 2019. The amended order, among other things, denied in part the motion of defendants Salamanca Central School District, Salamanca City School District Board of Education and Robert J. Breidenstein to dismiss plaintiff's second amended complaint against them. 
It is hereby ORDERED that the amended order so appealed from is unanimously modified on the law by granting that part of the motion seeking to dismiss the first cause of action against defendant Robert J. Breidenstein and as modified the amended order is affirmed without costs.
Memorandum: Plaintiff, a teacher formerly employed by defendant Salamanca Central School District (District), was allegedly subjected to sexually inappropriate behavior by her immediate supervisor, defendant Lloyd Long, which plaintiff reported to the District to little effect. She served a notice of claim on the District and defendant Salamanca City School District Board of Education (School Board) and thereafter commenced the instant action against the District, the School Board, and Robert J. Breidenstein, the Superintendent of the District (collectively, defendants), among others, asserting causes of action for, inter alia, a hostile work environment under Executive Law § 296 (1) (a) and the negligent hiring, training, supervision, and retention of an unfit employee under New York common law. Defendants appeal from an amended order that granted in part their motion to dismiss the second amended complaint against them but denied the motion with respect to the first cause of action, for a hostile work environment claim, insofar as it is premised on events occurring after November 6, 2017, and the second cause of action, for negligent hiring, training, supervision, and retention.
We reject defendants' contention that Supreme Court erred in denying the motion to dismiss the second amended complaint against them based on plaintiff's failure to comply with the pleading requirements of Education Law § 3813 (1). Section 3813 (1) provides, in relevant part, that "[n]o action or special proceeding . . . involving the rights or interests of any district . . . shall be prosecuted or maintained against any school district . . . unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim, and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment."
Here, it is undisputed that plaintiff failed to allege that a notice of claim was served, that [*2]the requisite time had passed, or that payment had been neglected or refused. However, inasmuch as it is also undisputed that plaintiff's notice of claim was timely served and that plaintiff did not commence this action until 30 days had passed with no adjustment or payment of her claim and inasmuch as there is no allegation of any prejudice arising from her failure to comply with the pleading requirement, we conclude that the court did not abuse its discretion in permitting plaintiff to further amend the second amended complaint to bring it into compliance with Education Law § 3813 (1) rather than dismissing it (see generally Wojtalewski v Central Sq. Cent. Sch. Dist., 161 AD3d 1560, 1561 [4th Dept 2018]; Putrelo Constr. Co. v Town of Marcy, 137 AD3d 1591, 1592 [4th Dept 2016]).
We reject defendants' contention that the court should have granted the motion with respect to the first cause of action, asserting a hostile work environment under Executive Law § 296 (1) (a), on the ground that plaintiff did not adequately raise that cause of action in her notice of claim. Initially, we agree with defendants that plaintiff's cause of action under section 296 (1) (a) is subject to Education Law § 3813 (1), which broadly requires the filing of a notice of claim as a condition precedent to an "action . . . for any cause whatever" (see United States v New York City Dept. of Educ., 2017 WL 1319695, *1 [SD NY, Apr. 4, 2017, Nos. 16-CV-4291 (LAK), 16-CV-4844 (LAK)]; see also Peritz v Nassau County. Bd. of Coop. Educ. Servs., 2019 WL 2410816, *2-3 [ED NY, June 7, 2019, No. 16-CV-5478 (DRH) (AYS)]). Contrary to defendants' contention, however, we conclude that plaintiff's notice of claim sufficiently informed defendants of the hostile work environment claim. While plaintiff could have provided more information about the precise nature of the claim, the notice of claim included a detailed factual chronology and a description of her complaints that indirectly described a hostile work environment legal theory based on sexual harassment (see generally Gonzalez v Povoski, 149 AD3d 1472, 1474 [4th Dept 2017]).
We further conclude that the court properly denied defendants' motion insofar as it sought to dismiss the first cause of action against the District and the School Board for failure to state a cause of action (see generally Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Plaintiff alleged that Long subjected her to "unwelcome sexually harassing conduct and comments" during her employment and that Long's behavior became physical on at least one occasion. Plaintiff further alleged that defendants effectively acquiesced to Long's conduct inasmuch as they did not reasonably investigate or take corrective action after plaintiff reported Long's inappropriate and offensive conduct to the appropriate representative at the District (see Matter of Father Belle Community Ctr. v New York State Div. of Human Rights, 221 AD2d 44, 53-54 [4th Dept 1996], lv denied 80 NY2d 809 [1997]). As plaintiff correctly concedes, however, the court should have dismissed the first cause of action against Breidenstein. We therefore modify the amended order by granting that part of the motion seeking to dismiss the first cause of action against Breidenstein.
We reject defendants' contention that the court erred in denying the motion with respect to the second cause of action. The second amended complaint, which included allegations that defendants failed to properly train and supervise Long even after plaintiff reported his conduct, alleged facts sufficient to state a cause of action for negligent hiring, training, supervision, and retention (see Kerzhner v G4S Govt. Solutions, Inc., 138 AD3d 564, 564-565 [1st Dept 2016]; see generally Leon, 84 NY2d at 87-88).
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court