Mariani v Wilson Cent. Sch. Dist. (2021 NY Slip Op 01658)





Mariani v Wilson Cent. Sch. Dist.


2021 NY Slip Op 01658


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


1013 CA 19-02091

[*1]THERESA I. MARIANI, CLAIMANT-APPELLANT, ET AL., CLAIMANT,
v
WILSON CENTRAL SCHOOL DISTRICT, RESPONDENT-RESPONDENT. 






DOLCE PANEPINTO, P.C., BUFFALO (JOHN B. LICATA OF COUNSEL), FOR CLAIMANT-APPELLANT.
BAXTER SMITH & SHAPIRO, P.C., BUFFALO (LOUIS B. DINGELDEY, JR., OF COUNSEL), FOR RESPONDENT-RESPONDENT.


 Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered October 21, 2019. The order denied the application of claimants for leave to serve a late notice of claim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Theresa I. Mariani (claimant) appeals from an order that denied claimants' application for leave to serve a late notice of claim alleging that claimant sustained injuries when she slipped and fell on snow and ice in a parking lot owned by respondent. We affirm.
A notice of claim must be served within 90 days after the claim accrues (see General Municipal Law § 50-e [1] [a]), although a court may grant leave extending the time to serve the notice of claim (see § 50-e [5]). The decision whether to grant such leave requires "consideration of all relevant facts and circumstances," including the "nonexhaustive list of factors" provided in section 50-e (5) (Williams v Nassau County Med. Ctr., 6 NY3d 531, 539 [2006]). "It is well settled that key factors for the court to consider in determining an application for leave to serve a late notice of claim are whether the claimant has demonstrated a reasonable excuse for the delay, whether the [respondent] acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or within a reasonable time thereafter, and whether the delay would substantially prejudice the [respondent] in maintaining a defense on the merits" (Matter of Dusch v Erie County Med. Ctr., 184 AD3d 1168, 1169 [4th Dept 2020] [internal quotation marks omitted]). Although no single factor is determinative, " 'one factor that should be accorded great weight is whether the [respondent] received actual knowledge of the facts constituting the claim in a timely manner' " (Matter of Turlington v Brockport Cent. Sch. Dist., 143 AD3d 1247, 1248 [4th Dept 2016]; see Matter of Darrin v County of Cattaraugus, 151 AD3d 1930, 1931 [4th Dept 2017]). "Absent a clear abuse of the court's broad discretion, the determination of an application for leave to serve a late notice of claim will not be disturbed" (Matter of Diaz v Rochester-Genesee Regional Transp. Auth. [RGRTA], 175 AD3d 1821, 1822 [4th Dept 2019] [internal quotation marks omitted]).
Here, claimant's excuse for the delay, i.e., that she was unaware of the severity of her injury, is unavailing without supporting medical evidence explaining why the effects of that injury took so long to become apparent (see Diez v Lewiston-Porter Cent. Sch. Dist., 140 AD3d 1665, 1665-1666 [4th Dept 2016]). Despite that failure, it is well established that a claimant's inability to demonstrate a reasonable excuse "is not necessarily fatal to the application" to serve a late notice of claim (Dusch, 184 AD3d at 1169 [internal quotation marks omitted]). Stated [*2]differently, "[a] claimant's failure to demonstrate a reasonable excuse for the delay 'is not fatal where . . . actual notice was had and there is no compelling showing of prejudice to [respondent]' " (Matter of Mary Beth B. v West Genesee Cent. Sch. Dist., 186 AD3d 979, 980 [4th Dept 2020]). "The actual knowledge requirement of General Municipal Law § 50-e (5) contemplates actual knowledge of the essential facts constituting the claim, not knowledge of a specific legal theory" (Dusch, 184 AD3d at 1170 [internal quotation marks omitted]). Nevertheless, a respondent's "knowledge of the accident and the injury, without more, does not constitute actual knowledge of the essential facts constituting the claim" (Mary Beth B., 186 AD3d at 980 [internal quotation marks omitted]). "It is well established that [k]nowledge of the injuries or damages claimed . . . , rather than mere notice of the underlying occurrence, is necessary to establish actual knowledge of the essential facts of the claim" (Diaz, 175 AD3d at 1822 [internal quotation marks omitted]). Here, claimants failed to establish that respondent received actual knowledge of the essential facts constituting the claim in a timely manner (see id.; Geneva Assn. of Retired Teachers v Geneva City Sch. Dist., 155 AD3d 1666, 1668 [4th Dept 2017], lv denied 31 NY3d 902 [2018]). Although we agree with claimant that respondent failed to establish substantial prejudice resulting from the delay (see generally Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466 [2016], rearg denied 29 NY3d 963 [2017]), we cannot conclude that the court clearly abused its broad discretion in denying claimants' application inasmuch as claimants failed to provide a reasonable excuse and to establish actual knowledge (see Diaz, 175 AD3d at 1822).
We have reviewed claimant's remaining contention and conclude that it does not warrant modification or reversal of the order.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court