Barkley v Lisbon Cent. Sch. Dist. (2023 NY Slip Op 05297)

Barkley v Lisbon Cent. Sch. Dist.

2023 NY Slip Op 05297

Decided on October 19, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 19, 2023

535797
[*1]Matthew Barkley, Appellant,
v
Lisbon Central School District et al., Respondents.

Calendar Date:September 7, 2023

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Powers, JJ.

Dirk J. Oudemool, Syracuse, for appellant.
FitzGerald Morris Baker Firth, PC, Glens Falls (Elizabeth E. Little of counsel), for respondents.

Pritzker, J.
Appeal from an order of the Supreme Court (Mary M. Farley, J.), entered June 6, 2022 in St. Lawrence County, which granted defendants' motion for summary judgment dismissing the amended complaint.
Plaintiff was employed as a custodian by defendant Lisbon Central School District for approximately one year before being terminated in February 2020. His termination was due to several instances of misconduct, most notably being the use of a school tractor to plow his personal driveway. In April 2020, plaintiff was charged with stalking in the fourth degree. This charge was the result of allegations made by the school superintendent, defendant Patrick J. Farrand, the school board president, defendant Andrea Randle, and some members of the school board, defendant Scott Wilhelm and defendant Angela McLear, concerning plaintiff's social media posts targeted at Farrand. This charge was subsequently dismissed. Thereafter, plaintiff filed a notice of claim against the school and then commenced this action [FN1] against defendants claiming that they falsely accused him of the crime of stalking in the fourth degree, resulting in, among other things, having to surrender his firearms and damage to his reputation. Following joinder of issue, defendants moved for summary judgment. Supreme Court granted defendants' motion and dismissed the amended complaint finding, among other things, that plaintiff had not sufficiently pleaded malicious prosecution and that the written statements made by defendants were protected by qualified privilege. Plaintiff appeals.
Initially, as confirmed at oral argument, plaintiff does not take issue with Supreme Court's grant of summary judgment and dismissal of the defamation cause of action. Plaintiff does, however, take issue with Supreme Court's determination that he had not adequately pleaded a cause of action for false arrest and false imprisonment in his amended complaint and bill of particulars. As relevant here, although "[a] claimant need not state a precise cause of action in haec verba in a notice of claim, . . . a claimant may not raise in the complaint causes of action or legal theories that were not directly or indirectly mentioned in the notice of claim and that change the nature of the earlier claim or assert a new one" (Gonzalez v Povoski, 149 AD3d 1472, 1474 [4th Dept 2017] [internal quotation marks and citations omitted]; see Gagnon v City of Saratoga Springs, 51 AD3d 1096, 1099 [3d Dept 2008], lv denied 11 NY3d 706 [2008]). As is relevant here, "[t]he elements of a cause of action for false arrest or imprisonment are (1) an intentional confinement (2) of which plaintiff was conscious and (3) to which plaintiff did not consent, and (4) that was not otherwise privileged" (Guntlow v Barbera, 76 AD3d 760, 762 [3d Dept 2010], appeal dismissed 15 NY3d 906 [2010]; see Martinez v City of Schenectady, 97 NY2d 78, 85 [2001]). Here, a close examination of the record reveals that the notice of claim does not contain any allegations[*2], either direct or indirect, which would put defendants on notice regarding a claim of false arrest or imprisonment, as was later raised in plaintiff's bill of particulars (see generally Washington v City of New York, 190 AD3d 1009, 1011 [2d Dept 2021]; O'Dell v County of Livingston, 174 AD3d 1307, 1308-1309 [4th Dept 2019]; compare Root v Salamanca Cent. Sch. Dist., 192 AD3d 1526, 1528 [4th Dept 2021]). Thus, Supreme Court properly declined to consider plaintiff's claims of false arrest and false imprisonment. Plaintiff's remaining contentions have been examined and found to be without merit.
Garry, P.J., Lynch, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: An amended complaint was filed in May 2021 to correct the date that plaintiff was charged.