Duhart-Neal v Monroe County (2024 NY Slip Op 04022)

Duhart-Neal v Monroe County

2024 NY Slip Op 04022

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, BANNISTER, DELCONTE, AND HANNAH, JJ.

524 CA 23-00964

[*1]STEPHANIE DUHART-NEAL, AS ADMINISTRATOR OF THE ESTATE OF SAMUEL NEAL, JR., DECEASED, PLAINTIFF-APPELLANT-RESPONDENT,
v
MONROE COUNTY, MONROE COMMUNITY HOSPITAL, AND JOHN/JANE DOES #1-5, DEFENDANTS-RESPONDENTS-APPELLANTS. (APPEAL NO. 2.) 

THE RUSSELL FRIEDMAN LAW GROUP, LLP, GARDEN CITY (NEIL FLYNN OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.
JOHN P. BRINGEWATT, COUNTY ATTORNEY, ROCHESTER (ALISSA M. BRENNAN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS.

 Appeal and cross-appeal from an order of the Supreme Court, Monroe County (Victoria M. Argento, J.), entered May 9, 2023. The order granted in part and denied in part the motion of defendants to dismiss the complaint, granted the cross-motion of plaintiff insofar as it sought leave to reargue and, upon reargument, adhered to a prior determination denying plaintiff's motion for an order, inter alia, deeming service of the amended and supplemental notice of claim valid or for leave to serve the amended and supplemental notice of claim. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the order to the extent that it determined that the amended and supplemental notice of claim was untimely with respect to a potential wrongful death cause of action and by granting that part of defendants' motion seeking to dismiss plaintiff's fifth cause of action and dismissing that cause of action, and as modified the order is affirmed without costs.
Memorandum: While a patient at defendant Monroe Community Hospital, plaintiff's decedent developed a stage IV bedsore. Prior to his death, decedent timely served a notice of claim asserting that he sustained personal injuries arising from defendants' "negligence, recklessness, gross negligence and carelessness" related to the development of the bedsore.
Decedent died on February 19, 2022, and plaintiff obtained letters of administration of decedent's estate on November 7, 2022. On November 22, 2022, plaintiff served an amended and supplemental notice of claim (amended notice of claim), which "supplemented [the original notice of claim] to include claims for conscious pain and suffering, fear of impending death, deprivation of statutory rights, wrongful death and medical malpractice."
Plaintiff commenced this action on November 28, 2022, asserting seven causes of action. The next day, plaintiff moved for an order, inter alia, deeming service of the amended notice of claim valid, granting her leave to serve the amended notice of claim, or deeming it a late notice of claim and granting leave to serve it. Supreme Court denied plaintiff's motion, concluding that the amended notice of claim was untimely as to the new claims asserted therein and that, of the new claims, all but the wrongful death claim was barred by the applicable statute of limitations. The court thus determined that it could not grant leave for plaintiff to serve a late amended notice of claim with respect to the time-barred claims and declined to grant leave to serve the late amended notice of claim insofar as it alleged wrongful death.
While plaintiff's motion was pending, defendants moved to dismiss the complaint on the grounds that, inter alia, certain causes of action were barred by the applicable statute of limitations and other claims had not been properly noticed in a timely notice of claim. In addition, following the court's denial of her motion, plaintiff cross-moved for leave to reargue that motion, contending, among other things, that CPLR 210 (a) rendered timely the claims that the court determined were time-barred. The court granted the cross-motion insofar as it sought leave to reargue and, upon reargument, concluded that the claims stated for the first time in the amended notice of claim were not barred by the statute of limitations, but it otherwise adhered to its prior determination that the amended notice of claim was untimely and that plaintiff would not be granted leave to serve a late amended notice of claim. The court granted defendants' motion in part, dismissing the second cause of action, alleging violations of the Public Health Law, the sixth cause of action, for negligent hiring and retention, and the seventh cause of action, for medical malpractice, on the ground that those claims had not been alleged in a timely notice of claim and dismissing the third cause of action insofar as it sought punitive damages. The court concluded that the remaining causes of action were premised on allegations contained in the original notice of claim.
In appeal No. 1, plaintiff appeals from the order denying her motion. In appeal No. 2, plaintiff appeals and defendants cross-appeal from the order granting in part defendant's motion to dismiss and granting plaintiff's cross-motion for leave to reargue and, upon reargument, adhering to the prior determination. Preliminarily, we note that the appeal from the order in appeal No. 1 must be dismissed inasmuch as that order was superseded by the order in appeal No. 2 (see Utility Servs. Contr., Inc. v Monroe County Water Auth., 90 AD3d 1661, 1662 [4th Dept 2011], lv denied 19 NY3d 803 [2012]; Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985, 985 [4th Dept 1990]). We have considered plaintiff's contentions on appeal insofar as they pertain to the order in appeal No. 2 (see generally Lagares v Carrier Term. Servs., Inc. [appeal No. 2], 204 AD3d 1456, 1458 [4th Dept 2022]).
Plaintiff contends on her appeal that the original notice of claim provided sufficient notice of defendants' violation of certain provisions of the Public Health Law and that the court thus erred in granting defendants' motion with respect to the second cause of action. We reject that contention. "It is a condition precedent to, and indeed an essential element of, any cause of action for personal injury against a [county] that the plaintiff have served upon the [county] a notice of claim setting forth, inter alia, the nature of the claim and the items of damage or injuries claimed to have been sustained" (Gonzalez v Povoski, 149 AD3d 1472, 1474 [4th Dept 2017]). Here, we conclude that the original notice of claim alleging personal injuries arising from defendants' negligence did not provide notice of the distinct statutory violations alleged in the second cause of action (see generally Cornell v County of Monroe, 158 AD3d 1151, 1152 [4th Dept 2018]; Betette v County of Monroe, 82 AD3d 1708, 1710 [4th Dept 2011]; Zeides v Hebrew Home for Aged at Riverdale, 300 AD2d 178, 179 [1st Dept 2002]).
We reject plaintiff's further contention that the court abused its discretion in denying her motion for leave to serve a late notice of claim or to otherwise deem the amended notice of claim to have been timely served. We note that, although the General Municipal Law affords the representative of an estate 90 days, measured from the date of appointment, in which to file a notice of claim, that provision applies only to wrongful death actions (see General Municipal Law § 50-e [1] [a]). With respect to plaintiff's second cause of action, alleging violations of the Public Health Law, the 90-day period in which to serve a notice of claim ran from the date on which the claim arose (see id.). Inasmuch as the original notice of claim alleged that the bedsore developed in December 2020 and became permanent on August 25, 2021, the amended notice of claim, served in November 2022, was untimely. In determining whether to grant leave to serve a late notice of claim, the court should consider "several factors, including whether the [plaintiff] has shown a reasonable excuse for the delay, whether [the defendants] had actual knowledge of the facts surrounding the claim within 90 days of its accrual or within a reasonable time thereafter, and whether the delay would cause substantial prejudice to the [defendants]" (Matter of Diaz v Rochester-Genesee Regional Transp. Auth. [RGRTA], 175 AD3d 1821, 1821 [4th Dept 2019] [internal quotation marks omitted]). On her motion, plaintiff bore the burden of establishing the existence of the relevant factors (see Tate v State Univ. Constr. Fund, 151 AD3d 1865, 1865-1866 [4th Dept 2017]; see also Matter of Mary Beth B. v West Genesee Cent. Sch. Dist., 186 AD3d 979, 980 [4th Dept 2020]; Powell v Central N.Y. Regional Transp. Auth., 169 AD3d 1412, 1413 [4th Dept 2019], lv denied 34 NY3d 904 [2019]). "Absent a clear abuse of the [*2]court's broad discretion, the determination of an application for leave to serve a late notice of claim will not be disturbed" (Mariani v Wilson Cent. Sch. Dist., 192 AD3d 1579, 1580 [4th Dept 2021] [internal quotation marks omitted]; see Kennedy v Oswego City Sch. Dist., 148 AD3d 1790, 1790 [4th Dept 2017]). Here, we conclude that plaintiff offered only conclusory statements in support of her application (see Matter of Dusch v Erie County Med. Ctr., 184 AD3d 1168, 1172 [4th Dept 2020]), and thus the court did not abuse its broad discretion in denying the request (see Mariani, 192 AD3d at 1580).
We agree with plaintiff, however, that the court erred to the extent that it concluded that the amended notice of claim was untimely with respect to a potential wrongful death cause of action. Unlike the other claims "supplemented" by the amended notice of claim, the 90-day period in which to serve the amended notice of claim alleging a wrongful death action ran "from [her] appointment [as] . . . representative of the decedent's estate" (General Municipal Law § 50-e [1] [a]). Plaintiff was named the estate representative on November 7, 2022, and thus service of the amended notice of claim on November 22, 2022, was timely with respect to a possible action for wrongful death. We therefore modify the order accordingly.
We reject defendants' contention on their cross-appeal that the court erred in denying their motion with respect to plaintiff's first and fourth causes of action and part of the third cause of action. Those causes of action were premised on theories of common-law negligence and gross negligence, which were sufficiently stated in the original notice of claim (see generally Root v Salamanca Cent. Sch. Dist., 192 AD3d 1526, 1527 [4th Dept 2021]). We agree with defendants, however, that the court erred in denying that part of their motion with respect to plaintiff's fifth cause of action. That cause of action was premised on defendants' violation of various statutes and regulations that involved a legal theory not asserted in a timely notice of claim (see Gonzalez, 149 AD3d at 1474). We therefore further modify the order accordingly.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court