**AIG Prop. Cas. Co. v Grand Chance Holding Ltd.**

2025 NY Slip Op 30530(U)

February 14, 2025

Supreme Court, New York County

Docket Number: Index No. 60413/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**      PART      **33M**

*Justice*

-------------------------------------------------------------------X

AIG PROPERTY CASUALTY COMPANY a/s/o
AMY TANENBAUM

                Plaintiff,

- v -

GRAND CHANCE HOLDING LTD.,

                Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160413/2021 |
| MOTION DATE | 04/17/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63

were read on this motion to/for         JUDGMENT - SUMMARY        .

Upon the foregoing documents, and after oral argument dated November 26, 2024, where Lawrence B. Lambert, Esq. appeared for Plaintiff AIG Property Casualty Company a/s/o Amy Tanenbaum ("Plaintiff" or "AIG") and Aleksander B. Milch, Esq. appeared for Defendant Grand Chance Holding Ltd., Plaintiff's motion for summary judgment is granted in part and denied in part.

## I.     Background

AIG insured a five-story building at 166 East 108th Street (the "Insured Building"), owned by Amy Tanenbaum. Abutting the Insured Building is a building owned by Grand Chance Holding Ltd. ("Defendant"). On June 16, 2021, an electrical fire originated in Defendant's building and caused smoke damage to the Insured Building. AIG seeks to recoup from Defendant $165,119.48 paid to AIG's insured, Ms. Tanenbaum. Plaintiff now moves for summary judgment and seeks dismissal of Defendant's counterclaim, which alleges this action is frivolous and meant to harass Defendant.

## II.    Discussion

### A.  Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

### B.  Liability

Plaintiff is granted summary judgment as to liability. Here, it is undisputed that the Insured Building suffered fire damage because of construction taking place in Defendant's building in a negligent manner. When the smoke damage occurred, Defendant's building was undergoing a gut renovation without a permit, for which Defendant was fined. Moreover, the New York City Fire Department, after an investigation, concluded that the fire was caused by Defendant jumping a circuit breaker in Defendant's building (*see* NYSCEF Docs. 36-37, 43).

Defendant opposes summary judgment mainly on procedural grounds. However, Defendant's procedural arguments are insufficient to deny summary judgment on liability. Although Defendant takes issue with the affirmation submitted by Ms. Tanenbaum, Defendant overlooks the recent 2024 amendment to CPLR 2106, which allows witnesses to submit affirmations in lieu of affidavits. Here, the Court finds Ms. Tanenbaum's affirmation sufficient. Further, Defendant's argument that Plaintiff failed to submit an affidavit from an adjuster at AIG

**160413/2021  AIG PROPERTY CASUALTY COMPANY vs. GRAND CHANCE HOLDING LTD.**          **Page 2 of 5**
**Motion No.  001**

2 of 5

is misplaced as Plaintiff submitted the affidavit of Pamela Moore on its motion in chief (*see* NYSCEF Doc. 29).

Although Defendant is correct that Plaintiff failed to include the insurance policy under which AIG seeks subrogation on its motion in chief, Plaintiff produced the insurance policy on reply, and Defendant cannot claim prejudice from this omission as the insurance policy was provided via a discovery response dated March 8, 2023 (NYSCEF Doc. 62; *see also Kennelly v Mobius Realty Holdings LLC*, 33 AD3d 380 [1st Dept 2006]). Moreover, Defendant had an opportunity at oral argument to address any deficiencies with the insurance policy submitted on reply (*see generally Pizarro v Dennis James Boyle, Inc.*, 180 AD3d 596 [1st Dept 2020]). Further, although Defendant takes issue with the form of the deed to the Insured Building annexed to the motion papers, this does not give rise to a material issue of fact since neither party disputes ownership of the two buildings at issue, especially given the undisputed deposition testimony.

### C. Damages

However, summary judgment on Plaintiff's claims of damages is denied. As a preliminary matter, Defendant's argument that Plaintiff needs to amend its complaint to obtain summary judgment is without merit as the Complaint explicitly states that it seeks damages "of at least $51,088.05.... plus any additional payments issued by plaintiff for damages and losses sustained by Tanenbaum as a result of the June 16, 2021 incident." (*see* NYSCEF Doc. 1 at ¶ 8). Moreover, Defendant was on notice of the additional payments by virtue of Plaintiff's discovery responses (NYSCEF Doc. 62).

Nonetheless, summary judgment is denied as the Court finds Plaintiff has not demonstrated the absence of material issues of fact as to the total damages owed. As set forth by Defendant, the motion papers do not establish that all items for which Plaintiff was reimbursed were smoke

**160413/2021  AIG PROPERTY CASUALTY COMPANY vs. GRAND CHANCE HOLDING LTD.**   **Page 3 of 5**
**Motion No. 001**

[* 3]

damaged, and there remains an issue of fact as to whether the insured "capitalized" on the opportunity to have certain personal items which were not smoke damaged cleaned and restored (*see generally IDX Capital, LLC v Phoenix Partners Group*, 83 AD3d 569 [1st Dept 2011] [court's function on a motion for summary judgment is issue finding and not issue resolution]).

### D. Defendant's Counterclaim

The branch of Plaintiff's motion which seeks dismissal of Defendant's counterclaim is granted. Defendant's counterclaim, which alleges this action is frivolous and intended to harass, is without merit as Plaintiff has demonstrated entitlement to summary judgment on liability.

Accordingly, it is hereby,

ORDERED that Plaintiff's motion for summary judgment against Defendant is granted in part and denied in part; and it is further

ORDERED that Plaintiff's motion for summary judgment seeking dismissal of Defendant's counterclaim is granted, and Defendant's counterclaim is hereby dismissed; and it is further

ORDERED that Plaintiff's motion for summary judgment on the issue of liability on its cause of action alleging negligence against Defendant is granted; and it is further

ORDERED that Plaintiff's motion for summary judgment is denied on the issue of damages on its cause of action alleging negligence against Defendant; and it is further

*[The remainder of this page is intentionally left blank.]*

160413/2021   AIG PROPERTY CASUALTY COMPANY vs. GRAND CHANCE HOLDING LTD.          Page 4 of 5
Motion No.  001

4 of 5

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 2/14/2025 | | *M. V Rosa JSC* |
|---|---|---|
| **DATE** | | **HON. MARY V. ROSADO, J.S.C.** |

CHECK ONE:
| ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|
| ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |

APPLICATION: ☐ SETTLE ORDER  ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN  ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE

**160413/2021   AIG PROPERTY CASUALTY COMPANY vs. GRAND CHANCE HOLDING LTD.**   **Page 5 of 5**
**Motion No.  001**

5 of 5

[* 5]